U.S. STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

FEB 1 7 2023

Nathan Oehsner, Clerk of Court

DARLENE WILLIAMS

Plaintiff,

)EEOC  Agency Case No.:  4G-770-0112-22

) Date Filed Formal:  January 28, 2022

v.

LOUIS DEJOY
Postmaster General
c/o Southern Retail And Delivery Area

Defendants.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT

## I.    NATURE OF THIS ACTION

1.  Plaintiff, Darlene Williams, is employed by the Postmaster General as a

Postal Delivery Agent for the Houston Division.

2.  Plaintiff brings this action to address harassment, hostile workplace,

retaliation for filing EEOC Complaints.

## II.    JURISDICTION AND VENUE

3.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331. This is a discrimination suit authorized and instituted pursuant to the Civil Rights Act of 1866, Title VII 42 U.S.C. § 1983

4.    Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c) because Defendants are subject to personal jurisdiction, and reside in Texas.

5.    The Southern District of Texas is the most logical forum in which to litigate the claims and the  Plaintiff works at Defendants' facility in the Houston Division.

## III.    PARTIES

### A.    Plaintiffs

8.    Plaintiff, Darlene Williams, is a citizen of the United States and a resident of Texas.

### B.    Defendants

9.    Defendant, Louis Dejoy, is the Postmaster General ℅ Southern Retail And Delivery Area.

## STATEMENT OF FACTS

On or about December 13, 2021, and January 5, 2022, Complainant alleged management violated her route assignment.

On or about December 21, 2021, Complainant felt offended when the Manager used the work F-K.

On December 21, 2021, January 8, 2022, January 13, 2022, and ongoing, Complainant was bullied, harassed, and treated disrespectful by management.

On or about January 7, 2022, Complainant alleged management made false accusations of sexual content against her.

On January 11, 2022, Complainant alleged management violated her route assignment and hid mail belonging to her delivery route.

On January 13, 2022, Complainant was given a falsified PS Form 13 and required to provide medical documentation by January 16, 2022, or be charged Absent Without Leave (AWOL).

On or about January 13, 2022, Complainant alleged Supervisor Rose called her into the office however, when she arrived to the office, Supervisor Warren was the only one in the office which she felt placed her in an unsafe and compromising position.

On January 22, 2022, Complainant was issued discipline for Failure to Follow Instructions.

On an unspecified date, the Acting Supervisor, did not provide her with a PS Form 3996.

On February 5, 2022, her supervisor refused to give her keys and a scanner.

On February 9, 2022, management conducted a mail count on her route without notifying her.

On February 12, 2022, Complainant was given an investigative interview for being absent from overtime and for returning to the station during a route inspection.

## ARGUMENT

Title VII prohibits employers from discriminating against an employee because that employee "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). A postal employee may bring suit under § 2000e-3(a) pursuant to 42 U.S.C. § 2000e-16. See Ayon v. Sampson, 547 F.2d 446, 450 (9th Cir.1976)

To make out a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. See Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464 (9th Cir.1994). If a plaintiff has asserted a prima facie retaliation claim, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its decision. Id. at 1464-1465. If the defendant articulates such a reason, the plaintiff bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive. Id.

Furthermore, the record establishes Complainant satisfies the first three elements required to prove a hostile work environment: (1) member of a protected class; (2) subjected to retaliation for filing a Formal Complaint relating to membership in that class; (3) the retaliation complained of was based on her filing the Formal Complaint, where there was no issues until the filing of the Formal EEOC Complaints.

The complainant contends she satisfies the three elements. As a Employee of the Postal Service, Complainant is a member of a protected class and was subjected to continual retaliation because of her decision to redress her grievances by filing a Formal EEOC Complaint including the following retaliatory acts committed by the Agency:

On or about December 13, 2021, and January 5, 2022, she alleged management violated her route assignment.

On or about December 21, 2021, she felt offended when the Manager used the work F-K.

On December 21, 2021, January 8, 2022, January 13, 2022, and ongoing, she alleged she was bullied, harassed, and treated disrespectful by management.

On or about January 7, 2022, she alleged management made false accusations of sexual content against her.

On January 11, 2022, she alleged management violated her route assignment and hid mail belonging to her delivery route.

On January 13, 2022, she was given a falsified PS Form 13 and required to provide medical documentation by January 16, 2022, or be charged Absent Without Leave (AWOL).

On or about January 13, 2022, she alleged Supervisor Rose called her into the office however, when she arrived to the office, Supervisor Warren was the only one in the office which she felt placed her in an unsafe and compromising position.

On January 22, 2022, she was issued discipline for Failure to Follow Instructions.

On an unspecified date, the Acting Supervisor, did not provide her with a

PS Form 3996.

On February 5, 2022, her supervisor refused to give her keys and a scanner.

On February 9, 2022, management conducted a mail count on her route without notifying her.

On February 12, 2022, she was given an investigative interview for being absent from overtime and for returning to the station during a route inspection.

These retaliatory acts demonstrate above are cognizable adverse employment actions as the EEOC has interpreted "adverse employment action" to mean "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity." EEOC Compliance Manual Section 8, "Retaliation," ¶ 8008 (1998).

The Plaintiff asserts she was subjected to a hostile work environment that is cognizable under the anti-retaliation provisions of Title VII. The Courts have held that an employer may be liable for a retaliation-based hostile work environment. See Richardson v. New York State Dep't of Correctional Serv., 180 F.3d 426, 446 (2nd Cir.1999) ("co-worker harassment, if sufficiently severe, may constitute adverse employment action so as to satisfy the second prong of the retaliation prima facie case"); Drake v. Minnesota Mining & Mfg. Co., 134 F.3d 878, 886 (7th Cir.1998) ("retaliation can take the form of a hostile work environment");

Gunnell v. Utah Valley State College, 152 F.3d 1253, 1264 (10th Cir.1998) ("co-worker hostility or retaliatory harassment, if sufficiently severe, may constitute 'adverse employment action' for purposes of a retaliation claim").

Harassment as retaliation for engaging in protected activity should be no different-it is the paradigm of "adverse treatment that is based on retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity." EEOC Compliance Manual ¶ 8008.

Harassment is actionable only if it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). It must be both objectively and subjectively offensive. See Faragher v. City of Boca Raton, 524 U.S. 775, 787, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). To determine whether an environment is sufficiently hostile, we look to the totality of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. (quoting Harris, 510 U.S. at 23, 114 S.Ct. 367).

Not every insult or harassing comment will constitute a hostile work environment. In Gregory v. Widnall, we rejected a claim of a hostile work environment based on "[a] single drawing of a monkey on a memo circulated by senior NCO's, accompanied by the verbal explanation that it was intended to

remind officers not to 'get the monkey off their back' by passing their responsibilities to others." 153 F.3d at 1074-75; see also Strother, 79 F.3d at 869 ("mere ostracism in the workplace is not enough to show an adverse employment decision").

Repeated derogatory or humiliating statements, however, can constitute a hostile work environment. In Hacienda Hotel, for example, we found that the plaintiffs had demonstrated sufficiently "severe or pervasive" harassment by demonstrating that one supervisor "repeatedly engaged in vulgarities, made sexual remarks, and requested sexual favors" while another supervisor "frequently witnessed, laughed at, or herself made these types of comments." 881 F.2d at 1515. And in Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1109 (9th Cir.1998), we found that the appellant's allegations that her supervisor had regularly made sexual remarks about her throughout her employment, and that he laughed at her complaints to him, raised a genuine factual issue regarding a hostile work environment.

Further, these retaliatory acts such as: management violating her route assignment; offending her when the Manager used the work F-K; bullied, harassed, and treated disrespectful by management; management violated her route assignment and hid mail belonging to her delivery route;given a falsified PS Form 13 and required to provide medical documentation by January 16, 2022, or be charged Absent Without Leave (AWOL); Supervisor Rose called her into the office however, when she arrived to the office, Supervisor Warren was the only one in the

office which she felt placed her in an unsafe and compromising position; being issued discipline for Failure to Follow Instructions; refusal to provide her with a PS Form 3996; supervisor refused to give her keys and a scanner; management conducted a mail count on her route without notifying her; and being given an investigative interview for being absent from overtime and for returning to the station during a route inspection.

Moreover, these retaliatory acts led to adverse employment actions such as, but not limited to, the Complainant's requests for leave being denied and charged AWOL for the absence unlike other similarly situated people; and, based upon these retaliatory actions the Complainant has met the burden of harassment that created a hostile workplace.

## CONCLUSION

On the basis of the foregoing, Complainant requests a finding of Agency liability for Complainant being subjected to retaliation for filing an EEOC Complaint, which created a hostile work environment and led to adverse employment actions.

Complainant requests an opportunity to submit evidence in support of compensatory relief after receipt of the Agency's decision on liability.

This 17th day of February 2023

Respectfully submitted,

*Darlene Williams*

*For Case No: 4G-770-0112-22*
Darlene Williams
3354 Rogerdale Road, Apt 115
Houston, TX 77042-5026

## CERTIFICATE OF SERVICE

I certify that the foregoing has been mailed to the Postmaster General at: USPS,

475 L'Enfant Plaza,S.W., Washington D.C., 20260

## DECLARATION UNDER THE PENALTY OF PERJURY

I declare under the penalties of perjury that the facts presented therein are true and

correct.